**BLOOMFIELD STEAMSHIP COMPANY,**
**Appellant,**

v.

**Charles S. HAIGHT et al., Appellees.**

**No. 21462.**

United States Court of Appeals
Fifth Circuit.

July 27, 1966.

Rehearing Denied Sept. 30, 1966.

Robert Eikel, Houston, Tex., for appellant.

Henry J. Read, Benjamin Yancey, Walter Carroll, Jr., New Orleans, La., Donald M. Waesche, Jr., New York City, for appellees.

Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

October 1, 1963, near Le Havre, France, the appellant's S.S. LUCILLE BLOOMFIELD collided with the RONDA, owned by A/S J. Ludwig Mowinckels Rederi. The RONDA proceeded into the port but sank the next day at the quay. Its cargo was a total loss. Mowinckels is a Norwegian Shipping Company operating ships in and out of United States ports and maintaining a permanent agent in New York. Bloomfield is a Delaware corporation, with offices in Louisiana and Texas, operating ships in and out of Gulf Coast ports.

October 9, 1963, certain cargo claimants, including International Paper Company, filed a libel in the United States District Court for the Southern District of New York against Bloomfield Steamship Company *in personam* and against the S.S. LUCILLE BLOOMFIELD *in rem* to recover damages of $500,000 sustained as a result of the collision. October 25, 1963, BLOOMFIELD STEAMSHIP COMPANY filed a petition for limitation of liability in the District Court for the Eastern District of Louisi-

ana. On the same day the district court issued a monition order under 46 U.S.C. § 185, restraining and enjoining the filing or prosecution of any and all suits or legal proceedings of any nature against petitioner and the S.S. LUCILLE BLOOMFIELD, except in the present proceeding.

After Bloomfield posted a $600,000 bond, the LUCILLE BLOOMFIELD left New Orleans. In January 1964 Mowinckels instituted proceedings in an English admiralty court against Bloomfield and the LUCILLE BLOOMFIELD. The vessel was released from the custody of the English court only upon the filing of a $425,000 bond.

March 30, 1964, Bloomfield filed a libel in the District Court for the Eastern District of Louisiana against Mowinckels to recover collision damages in the amount of $15,000. On the same day Bloomfield filed a petition for exoneration from or limitation of liability in the District Court for the Southern District of New York in the proceeding instituted against it (64 A.D. 303), and March 31, 1964 Mowinckels filed a petition from or limitation of liability. Ronda-Lucille Bloomfield, 1965 A.M.C. 354.

In the district court Bloomfield contended that it was not amenable to service of process in New York growing out of the libel filed in the Southern District of New York, because it was not doing business in the State of New York. Bloomfield also moved to have Mowinckels cited for contempt of the court's injunction against suits. Mowinckels appeared specially to defend this motion. International Paper moved to dismiss the limitation of liability petition on the ground that it had not been filed in the proper district.

The district court dismissed the petition for limitation of liability on the ground that Bloomfield was in fact doing business in New York; that therefore Rule 54 was not complied with, because limitation proceedings should have been filed in the United States District Court for the Southern District of

New York. The court held that Mowinckels was not in contempt on the ground that the injunction had no extraterritorial effect.

The able district judge, Judge Robert A. Ainsworth has written a careful opinion documenting his holding. Bloomfield Steamship Company v. Haight, E. D.La.1964, 227 F.Supp. 615. No good purpose would be served by paraphrasing that opinion and adding a few citations of cases. We adopt the district judge's opinion as the opinion of this Court.

The judgment is affirmed.