Petition of A/S J. LUDWIG MOWINCK-ELS REDERI, as owner of the MOTOR VESSEL "RONDA" for exoneration from or limitation of liability.

No. 64 Ad. 306.

United States District Court
S. D. New York.

Feb. 23, 1967.

Haight, Gardner, Poor & Havens, New York City, Charles S. Haight, Joseph C. Sweeney, New York City, of counsel, for petitioner.

Bigham, Englar, Jones & Houston, New York City, Donald M. Waesche, Jr., Douglas A. Jacobsen, New York City, of counsel, for Cargo claimants.

Healy, Baillie & Burke, New York City, Eikel & Goller, Houston, Tex., Nicholas J. Healy, III, New York City, Robert Eikel, Houston, Tex., of counsel, for movant (Bloomfield S.S. Co).

## MEMORANDUM

TENNEY, District Judge.

On November 30, 1964, Bloomfield Steamship Company (hereinafter referred to as "Bloomfield") moved herein for an order pursuant to Rules 51 to 55, inclusive, of the General Admiralty Rules, and Rev.Stat. § 4285· (1875), as amended, 46 U.S.C. § 185 (1964), all relating to Shipowners' Limitation of Liability, amending and revoking a prior order of this Court entered herein on October 27, 1964, which allowed the petioner herein, A/S J. Ludwig Mowinckels Rederi (hereinafter referred to as "Mowinckels") to amend its petition to seek limitation of liability as to Bloomfield. Bloomfield further sought to have Mowinckels barred from seeking and attempting to limit its liability on the grounds that it had failed to seek such limitation within the six-month period required by statute, and to compel Mowinckels to dismiss an action in admiralty brought by it against Bloomfield in England.

In view of the complex nature of the litigation a brief chronological review of the proceedings prior to motion of November 30, 1964 would appear to be in order.

On October 1, 1963, the M/V RONDA, owned and operated by Mowinckels, collided with S.S. LUCILE BLOOMFIELD, owned and operated by Bloomfield, in international waters off the entrance to the port of Le Havre, France. RONDA proceeded into the port of Le Havre and thereafter capsized at dock, so that she and her cargo were lost. Promptly thereafter, Atlantic Mutual Insurance Company and others, insurers or owners of cargo on M/V RONDA (hereinafter referred to as "cargo") brought suit in this court against Bloomfield on October 9, 1963 and against Mowinckels on October 11, 1963. Following the institution of suit by cargo, and on October 25, 1963, Bloomfield moved for exoneration from or limitation of liability in the District Court for the Eastern District of Louisiana, New Orleans Division, and Mowinckels was duly served with a monition and restraining order in that proceeding. Mowinckels appeared on November 22, 1963 in the action brought by cargo in this court (i. e., the District Court of the Southern District of New York), and on January 16, 1964 commenced an action in admiralty against Bloomfield in the High Court of Justice, London, England, in which proceeding after the subsequent arrest of the S.S. LUCILE BLOOMFIELD, Bloomfield filed a $425,000 bond. Bloomfield's motion to dismiss the action in the English court was denied on April 24, 1964. The Lucile Bloomfield, [1964] 1 Lloyd's L.Law Rep. 324, 329. Bloomfield moved to dismiss the limitation proceeding in Louisiana and to hold Mowinckels and its attorneys in contempt for having violated the restraining order by instituting suit in England. On March 13, 1964, the District Court in Louisiana dismissed Bloomfield's limitation proceeding on the ground that Bloomfield was in fact doing business in New York and that, therefore, Rule 54 of the General Admiralty Rules was not complied with, because limitation proceedings should have been filed in the Southern District of New York. The Court further held that Mowinckels was not in contempt on the ground that the injunction had no extraterritorial effect. In Matter of Bloomfield S.S. Co., 227 F.Supp. 615 (E.D.La.1964), aff'd sub nom. Bloomfield S.S. Co. v. Haight, 363 F.2d 872 (5th Cir. 1966) (per curiam), cert. denied, 386 U.S. 913, 87 S.Ct. 864, 17 L.Ed.2d 785 (U.S. Feb. 13, 1967). Bloomfield thereupon, on March 30, 1964, instituted a limitation proceeding in the Southern District of New York (64 Ad. 303), posting a bond of $750,000. A monition and restraining order were served on Mowinckels on April 7, 1964. Also, on March 30, 1964, Bloomfield filed a libel against Mowinckels in the Louisiana Court to recover collision damages, which proceeding was subsequently transferred to this court (66 Civ. 3575). The following day, March 31, 1964, Mowinckels instituted a limitation proceeding in the Southern District of New York (64 Ad. 306), specifically excepting Bloomfield. On April 17, 1964, cargo moved to dismiss Mowinckels' limitation proceeding in New York on the grounds, among others, that the petition was defective by reason of the exclusion of Bloomfield in violation of Rule 51 of the Rules of Practice in Admiralty and Maritime Cases, and that petitioner had failed to deposit with the court its entire interest in RONDA. Cargo not having filed any claims in the Mowinckels limitation proceeding, their time to do so was extended *nunc pro tunc* by this court by order dated May 22, 1964 until ten (10) days from the determination of the motion to dismiss. In an opinion dated October 6, 1964, this Court held that Mowinckels' exclusion of Bloomfield was not proper, and accordingly directed that Mowinckels' petition be dismissed unless Mowinckels should, within ten (10) days of the entry of an order based on such decision, file an amended petition pursuant to Rule 23 of the Admiralty Rules, extending the application of the petition for exoneration or limitation of liability and the accompanying restraining order to Bloomfield. In the Matter of A/S J. Ludwig Mowinckels Rederi, 64

Ad. 306, S.D.N.Y., Oct. 6, 1964. An order based on such decision was duly entered on October 27, 1964. Pursuant to said decision, the time for filing answers and claims was extended to ten (10) days after the filing of the amended petition *nunc pro tunc* as of May 26, 1964.[1] Thereafter, on November 30, 1964, Bloomfield moved to dismiss the amended petition for failure to file within the six-month statutory period, and to stay the admiralty proceedings instituted by Mowinckels against it in England. No similar motion was made by cargo, but they participated as amicus curiae in the arguments on the motion. A determination by this Court, at least as to the motion to stay the English proceedings, having been deferred until a determination by the Court of Appeals for the Fifth Circuit of the dismissal by the District Court in Louisiana of the Bloomfield limitation proceeding and contempt action,[2] some brief mention should be made of events transpiring since the within motion was instituted on November 30, 1964. In July 1966, the collision liability aspects of the action in England were tried, resulting in both vessels being found equally at fault. Bloomfield appealed from this decision on October 27, 1966. The Bloomfield and Mowinckels limitation proceedings in this court have been consolidated for trial and a pre-trial order entered on November 18, 1966. Mowinckels claims that the decision of the English court is *res adjudicata* in the limitation proceedings here. The cargo claims filed in the

limitation proceedings herein are alleged to approximate $2,000,000 for lost cargo and to represent more than 80 per cent of the value of the cargo aboard RONDA. Cargo claimants with claims alleged to approximate $450,000 are proceeding against Bloomfield and against Mowinckels in The Tribunal de Commerce, at Le Havre, France, the principal claim relating to NATO cargo shipped on board RONDA by the United States. It would appear clear, however, that in view of the limitation proceedings and the collision damage action, all presently in this district, a substantial concourse of claimants exists here. In view of the existence of such concourse, Bloomfield, by motion dated November 21, 1966, sought leave to withdraw so much of its motion of November 30, 1964 as related to the order of October 27, 1964—i. e., that portion of the motion which requested this Court to enter an order dismissing Mowinckels' petition insofar as the petition and restraining order applied to Bloomfield—and to amend said motion so as to seek an order, pursuant to Supplemental Rule F(3) of the Federal Rules of Civil Procedure, specifically enjoining Mowinckels from further prosecution of the English proceedings. Cargo objects to the withdrawal by Bloomfield of the portion of its prior motion as preventing a determination of an issue of great importance to cargo, which cargo may no longer be in a position to bring before the Court on their own motion.[3] (Rule 9(*l*) of the

---

1. The authority to extend such time *nunc pro tunc* seems clear. Petition of Tugboat Dalzellea, Inc., 254 F.Supp. 298 (S.D.N.Y.1965).

2. Aff'd sub nom. Bloomfield S. S. Co. v. Haight, 363 F.2d 872 (5th Cir. July 27, 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 864, 17 L.Ed.2d 785 (U.S. Feb. 13, 1967).

3. Cargo's status as amicus curiae to litigate the validity of Mowinckels' amended petition or to "carry the ball" on behalf of a reluctant Bloomfield is doubtful. It made no attempt to secure reargument of the October 6, 1964 decision of this Court. Had cargo considered that the Court lacked power to permit the amendment,

it could have moved under General Rule 9(m) of this court. It will be readily perceived that all the "defects" of which cargo originally complained have been remedied. Both shipowners' limitation proceedings are now consolidated for trial and pending in this court; no one is excluded from doing anything legally permissible to anyone else; cargo is in the thick of the real litigation in this matter; Bloomfield has transferred to this court the suit which it had instituted against Mowinckels in the Louisiana District Court; and cargo has conducted or participated in the taking of deposition testimony of the Masters and Pilots of both vessels involved herein.

General Rules of this court.) Regardless of cargo's status to object, it would appear advisable in the present posture of the Mowinckels proceeding to determine whether there is legal basis for that proceeding. Accordingly, that part of Bloomfield's motion of November 21, 1966, as relates to the validity of the October 27, 1964 order, will be considered as withdrawn and the Court will consider, with respect to that order, the motion of November 30, 1964 as originally made but as amended with reference to Supplemental Rule F(3).

■ However, insofar as Bloomfield's motion may purport to combine its motion of November 30, 1964, to stay the English proceedings made in the Mowinckels limitation proceeding, with a similar motion in the Bloomfield limitation proceedings, it is in violation of General Rule 9(*o*) (2) of this court. To the extent that, in its motion of November 21, 1966, Bloomfield may now seek an order in the Bloomfield limitation proceeding directing Mowinckels to make and prosecute all claims against Bloomfield in Bloomfield's limitation proceeding within such time as this Court may direct or be barred thereafter, it clearly has made a new motion in a proceeding other than the one in which the order of October 27, 1964 and motion of November 30, 1964, were made, and in disregard of the General Rules of this Court. Mowinckels did not file a claim in the Bloomfield limitation proceedings either in Louisiana or in this court, and the Court of Appeals for the Fifth Circuit has held Mowinckels is entitled to refrain from filing a claim in the Bloomfield limitation proceeding and to seek recovery of its collision damages from Bloomfield in the English courts. The only matter properly before me is Bloomfield's motion of November 30, 1964, directed to the order of October 27, 1964, in the Mowinckels limitation proceeding. Bloomfield may not, in the guise of a consolidation for trial or as an "amendment", combine a new motion subject to and in violation of General Rule 9(*o*)

(2) with a motion which was *sub juridice* when the case reached the permanent calendar. This would appear to be particularly true where the new motion injects an issue previously decided adversely to movant.

Bloomfield's attack on the order of October 27, 1964 may be expressed quite simply. Since this Court found that the original limitation petition of Mowinckels filed on March 31, 1964 could not properly exclude Bloomfield, and directed that an amended petition be filed, and since such amended petition was filed beyond the six-month statutory period, as more particularly set forth in Title 46 U.S.C. § 185, Bloomfield contends that the petition should be dismissed as to it. No similar motion has been made by cargo requesting dismissal of the limitation proceeding as to them. However, as noted, they are actively supporting Bloomfield's contention.

■ Bloomfield's basic premise is that the six-months' time for a shipowner to file his limitation petition is statutory and since the amended petition was not filed within such period, it must be dismissed. However, there is no dispute that Mowinckels filed its original petition "within six months after a claimant shall have given to or filed with such owner written notice of claim" and that it deposited with the court, "for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor * * *" Title 46 U.S.C. § 185. The original petition was filed on March 31, 1964, within six months of the collision itself, and at the same time a stipulation for value in proper form and approved by the Court was deposited herein. While cargo initially objected to the failure to include as an interest in such stipulation for value Mowinckels' cause of action against Bloomfield in England, such objection was disposed of by this Court's opinion herein of October 6, 1964. As was pointed out therein, a "possible defect in the amount of the *ad interim* stipulation is not a juris-

dictional one. Black Diamond S.S. Corp. v. [Robert] Stewart & Sons, Ltd., 336 U.S. 386, 395 [69 S.Ct. 622, 93 L.Ed. 754] (1949)." In the Matter of A/S J. Ludwig Mowinckels Rederi, supra at 11.

■ In a limitation proceeding, jurisdiction is conferred upon the admiralty court by the filing of the petition and stipulation for value. In re Morrison, 147 U.S. 14, 34, 13 S.Ct. 246, 37 L.Ed. 60 (1893); Petition of Canada S.S. Lines, 93 F.Supp. 549, 552 (N.D. Ohio), aff'd sub nom. Adamson v. Canada S.S. Lines, 185 F.2d 1019 (6th Cir. 1950) (per curiam), cert. denied, 341 U.S. 910, 71 S.Ct. 622, 95 L.Ed. 1347 (1951); 3 Benedict, Admiralty § 479, at 343 (6th ed. 1940). A limitation proceeding is a defensive action (id. at 342) of a unique sort; it is equitable in nature, partaking "in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill." Hartford Acc. & Indem. Co. of Hartford v. Southern Pacific Co., 273 U.S. 207, 216, 47 S.Ct. 357, 71 L.Ed. 612 (1927). "The jurisdiction of the admiralty court attaches *in rem* and *in personam* by reason of the custody of the *res* put by the petitioner into its hands." Id. at 217, 47 S.Ct. at 359. Accordingly, "when the jurisdiction of the court in admiralty has *attached through a petition for limitation,* the jurisdiction to determine claims is not lost merely because the shipowner fails to establish his right to limitation." Just v. Chambers, 312 U.S. 383, 386, modified on other grounds, 312 U.S. 668, 61 S.Ct. 687, 690, 85 L.Ed. 903, rehearing denied, 312 U.S. 716 (1941). (Emphasis added.)

■ While it is clear that if the petition is *not* filed within six months of the first claim the right to require a concourse of claimants is lost, The Gras-

selli Chem. Co. No. 4, 20 F.Supp. 394, 396 (S.D.N.Y.1937), it is equally clear that if the petition and stipulation for value are filed within such period the right to a concourse of claimants is preserved, whether or not the petition at the time of filing embodies all claims. So in Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 159 F.2d 273 (2d Cir. 1947), the Court refused to dismiss a limitation proceeding in which the fund was greater than the total of all claims since "a concourse can take over the situation" (id. at 276) at a later time if necessary. See also Petition of Canada S.S. Lines, supra.

The satisfaction by Mowinckels of the only two statutory requirements for this court to acquire jurisdiction distinguishes the cases relied on to support Bloomfield's contentions. In The Grasselli Chem. Co. No. 4, supra, the petition was not filed within the six months' period; in Petition of Goulandris, 140 F.2d 780 (2d Cir.) cert. denied, Goulandris v. American Tobacco Co., 322 U.S. 755, 64 S.Ct. 1268, 88 L.Ed. 1584 (1944), no stipulation for value was filed;[4] in Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co., 107 F.2d 373 (4th Cir. 1939), the petition was not filed within the six-months' period.

■ This Court, in its October 6, 1964 opinion, applied General Admiralty Rule 23, relating to amendments granted with liberality in admiralty, 2 Benedict op. cit. supra § 355, at 557, and which has been held applicable in limitation proceedings, both as to the petition, The John Bramall, 13 Fed.Cas. pp. 655, 659 (No. 7,334) (E.D.N.Y.1879), and as to claims, In re Great Lakes Dredge & Dock Co., 250 F. 916 (D.Mass.1917), aff'd sub nom. Eastern S.S. Corp. v. Great Lakes Dredge & Dock Co., 1 Cir., 256 F. 497, cert. denied, 250 U.S. 676, 40 S.Ct. 8, 63 L.Ed. 1202 (1919).

---

4. Indeed as the Court pointed out "Had the appellants accompanied their petition with an ad interim stipulation and prayer for an order approving it * * * it may well be that they would have complied with the statute, although the court's order and the actual furnishing of the limitation fund occurred after expiration of that [six months'] period." 140 F.2d at 782.

"It has always been the practice in American admiralty courts to allow the parties every opportunity to place their whole case before the court and to enable the court to administer substantial justice between the parties. It is therefore the long-established rule that omissions and deficiencies in pleadings may be supplied and errors and mistakes in practice in matters of substance as well as of form may be corrected at any stage of the proceedings for the furtherance of justice. 2 Benedict on Admiralty (6th Ed.), 557. * * *

In accordance with these principles it is held that an amendment of a libel dates back to the original filing. Flynn Export Co. v. E. D. 2 Benedict on Admiralty, 562. This is true even though the statute of limitations has intervened. * * * " Deupree v. Levinson, 186 F.2d 297, 303 (6th Cir. 1950), cert. denied, 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351 (1951).

The motion to dismiss the amended petition herein is accordingly in all respects denied.[5]

I come now to that part of Bloomfield's motion of November 30, 1964 which demands that Mowinckels dismiss the admiralty action instituted by it against Bloomfield in England. As already noted, this motion was made in the Mowinckels limitation proceeding, and I have had occasion to comment on Bloomfield's attempt in its motion of November 21, 1966, and by way of amendment of its original motion, to have such request considered not only as being made in the Mowinckels proceeding, but in the Bloomfield limitation proceeding as well. However, even were the matter properly raised in the Bloomfield proceeding, Bloomfield would presently be bound by the adverse decision in In Matter of Bloomfield S.S. Co., supra. Bloomfield, were it moving in the Bloomfield limitation proceeding, would be faced with a holding that the order restraining suit issued pursuant to Title 46 U.S.C. § 185, and Rule 51 of the General Admiralty Rules (now Rule F of the Supplemental Civil Rules), had no extraterritorial effect.

However, its task is far more difficult in moving in the Mowinckels proceeding. In its motion presently before this Court, the party against whom the stay is sought is the petitioner seeking limitation, not a claimant or potential claimant against whom a stay might properly be invoked under the statutory authority and rules last mentioned. It seems clear that the injunctive provisions of the statutes and Rule referred to are directed against and limited to claimants or potential claimants in a particular limitation proceeding. Does the fact that a petitioner in one proceeding is a potential claimant in another proceeding growing out of the same disaster empower the Court to compel the petitioner in one to become a claimant in the other and enjoin him from proceeding in a foreign court? Such an order could not be entered in the limitation proceeding in which he was a petitioner since, as noted, such orders are directed against claimants or potential claimants. And it could not be entered in the proceeding in which he was a potential but non-appearing claimant. In Matter of Bloomfield S.S. Co., supra. Nor should the consolidation of both proceedings for trial enlarge the limited authority of the Court under the statute.

However, I am not unmindful of the broad equity powers of this

5. Bloomfield's assertion in its original motion of November 30, 1964, that by pleading that the collision resulted from the joint fault of both vessels Mowinckels has admitted liability, is unfounded. With respect to cargo, Bloomfield ignores the fact that pursuant to the United States Carriage of Goods by Sea Act, 49 Stat. 1210 (1936), 46 U.S.C. § 1304(2) (a) (1964), as well as under the terms of bills of lading, a shipowner is not liable for collision damage to cargo carried by its vessel when such damage results from negligent navigation of the vessel, and Mowinckels may therefore be entitled to exoneration from liability to cargo.

court and a shipowner petitioning for limitation subjects itself to the court's full equitable powers in that proceeding. British Transp. Comm. v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234 (1957); Hartford Acc. & Indem. Co. of Hartford v. Southern Pacific Co., supra. Of course, British Transp. Comm., supra, clearly recognized that "no compulsion could be exerted on foreign claimants to file claims" and that "an injunction against suits being filed in foreign jurisdictions would be ineffective unless comity required its recognition." Id. at 142, 77 S.Ct. at 1110.

I have already indicated that the injunctive provisions of Title 46 U.S.C. § 185, General Admiralty Rule 51, and Supplemental Rule F(3) deal with actions against the petitioner (or plaintiff) by claimants or potential claimants in the limitation proceeding or action,[6] and that under present authority such injunctions are not extra-territorial in effect. However, it is clear that the granting of such an injunctive order in a limitation proceeding on behalf of the petitioning or plaintiff shipowner can be upon such equitable conditions as the limitation court may determine and that such conditions may encompass discontinuance or deferment of an action by the shipowner in a foreign court. A. C. Dodge, Inc. v. J. M. Carras, Inc., 218 F.2d 911 (2d Cir. 1955); The Salvore, 36 F.2d 712 (2d Cir. 1929). Bloomfield has not specifically demanded that the injunctive provisions of the limitation proceeding be revoked as to Bloomfield unless Mowinckels discontinues the English ac-

tion.[7] Even assuming that Bloomfield were moving to dismiss the Mowinckels limitation proceeding unless the English action was discontinued, rather than moving under Supplemental Rule F(3), the equitable considerations invoked by movant are not impressive.

Bloomfield's claim of inequity is based primarily on the fact that it has had to post security not only in its limitation proceeding ($725,000) here, but also in the collision suit against it in England ($425,000), and that it "thereby runs the risk of losing both funds and the benefit of the Limitation Act." (Bloomfield Memo, pp. 10–11.)

Bloomfield characterizes as "one of the vexing problems related to the English action * * * whether or not damages recovered by Mowinckels from Bloomfield must be added to Mowinckels' limitation fund" and "if so, is Bloomfield's fund to be reduced by the amount recovered by Mowinckels should Mowinckels be required to deposit such recovery in this Court?" (Bloomfield Memo, pp. 13–14.) In view of the likelihood that such damages must be added as part of the owner's interest[8] in the vessel, O'Brien v. Miller, 168 U.S. 287, 18 S.Ct. 140, 42 L.Ed. 469 (1897), Bloomfield's vexation is not readily understandable particularly since Bloomfield is a claimant against such fund. The broad equitable powers of this court can certainly be invoked to protect Bloomfield in its own limitation proceeding, in which Mowinckels is not a claimant, from liability exceeding the limits to which it may be entitled by statute. Such risks as Bloomfield runs were recognized in British Transp. Comm. v.

---

6. "For example, the limitation court is empowered to enjoin suits in other courts arising out of the accident only if the suits are against the owner, charterer or vessel * * *." Maryland Cas. Co. v. Cushing, 347 U.S. 409, 426, 74 S.Ct. 608, 617, 98 L.Ed. 806 (1954) (concurring opinion of Clark, J.).

7. In its original motion of November 30, 1964, Bloomfield did demand dismissal of the English action and, failing such dismissal, denial of limitation by Mowinckels

as to Bloomfield. However, by its amendment of November 21, 1966, Bloomfield now seeks an order pursuant to Supplemental Rule F(3) which, as already indicated, is not applicable.

8. Such interest would not include damages for loss of cargo since the cargo, presumptively, does not belong to the owner of the ship. The Main v. Williams, 152 U.S. 122, 131, 14 S.Ct. 486, 38 L.Ed. 381 (1894).

United States, supra, 354 U.S. at 142, 77 S.Ct. 1103. Furthermore, it might well be inequitable to penalize a shipowner who is forced to file a limitation proceeding for its own protection by ordering such shipowner to discontinue its own previously instituted suit in another jurisdiction to recover its collision damages. Although a substantial concourse may have been achieved in this court, other suits by cargo claimants in a substantial amount and against both shipowners are pending in the French courts, so that there cannot possibly be one jurisdiction in which a concourse of all claims arising out of the collision can be established. The collision occurred in the English Channel and the issues involve questions of fact occurring in the Port of Le Havre and the waters adjacent thereto. Mowinckels is a foreign (Norwegian) corporation. The English court has not only taken but has retained jurisdiction against Bloomfield's application to dismiss in which the equitable grounds raised herein were also presented.[9] That court has divided the trial into two stages, has actually rendered its decision following trial of the first stage relating to the navigational issues and is prepared to proceed with the determination of the remaining issues, i. e., whether the capsizing of RONDA the day after the collision and while at its pier in Le Havre, which resulted in the loss of the ship and its cargo, was proximately caused by the collision; and the matter of damages. Bloomfield could have counterclaimed in the English action but chose to bring its own collision action thereafter in the United States District Court. It should be pointed out that cargo is not a party to the English action and that its only interest appears to be that any damages recovered by Mowinckels be added to the limitation fund in this court. Certainly the English court is no less competent than this court to determine such issues, and it has the benefit of the evidence already adduced. Furthermore, a determination by that court may well expedite a determination in the collision and limitation actions in this court. What effect discontinuance or deferment of the English action would have on issues already determined therein is not clear. Accordingly, even were Bloomfield proceeding otherwise than under Supplemental Rule F(3), I would be disposed to deny its request for equitable relief on the merits.

The motion of November 30, 1964, as amended in part by the motion of November 21, 1966, is in all respects denied.

So ordered.

---

9. See opinion of Mr. Justice Hewson—Exhibit B to affidavit of Charles S. Haight, Esq. of December 1, 1966, submitted herein.