In re Teresa Grabar CORSO, Debtor,

v.

Richard V. DeWITT, Movant.

No. CV 94–4955 ABC.
Bankruptcy No. LA 93–40352 KM.
Ref. No. M94–00851.

United States District Court,
C.D. California.

Oct. 14, 1994.

Leonard A. Goldman, Jerry A. Jacobson, Goldman, Gordon & Lipstone, Los Angeles, CA, for debtor.

William P. Barry, Dean G. Rallis, Jr., Barry L. Bookbinder, Baker and Hostetler, Los Angeles, CA, for movant.

MEMORANDUM OF DECISION AND ORDER RE: Appeal of Bankruptcy Court's Order Re: Motion By Richard V. DeWitt For Relief From The Automatic Stay

COLLINS, District Judge.

This is an appeal from a bankruptcy court order entered June 17, 1994 which concluded that Appellant's limitation action complaint was improperly filed in violation of section 362 of the Bankruptcy Code and that Appellant's complaint is void as to the Debtor due to stay. The Court, having read and considered all papers filed by the parties, REVERSES the June 17, 1994 Order of the Bankruptcy Court as to its conclusion that Appellant's limitation action complaint was improperly filed in violation of section 362 of the Bankruptcy Code and that Appellant's complaint is void as to the Debtor [Appellee] due to stay. Furthermore, because the Court finds that Appellant's limitation action complaint is not void as to the Debtor due to stay, the Court REVERSES the June 17, 1994 Order of the Bankruptcy Court to the extent that the Order requires Appellant to file a new limitation action complaint in District Court.

It is ORDERED further that Appellee's motion for reconsideration of this Court's Order granting stay of Bankruptcy Court's Order pending appeal is DENIED as moot.

## I. Background

Appellant, Richard V. Dewitt is the owner of the vessel MR. C. The MR. C is a charter scuba diving vessel. On October 4, 1992, the MR. C departed San Pedro for Santa Catalina Island on a diving trip organized by Scuba Duba Dive, a diving store. Robert Maxwell was the "divemaster" for the trip.

Appellee, Teresa Grabar Corso, is the widow of Christopher Corso ("the decedent"). The decedent was a passenger on the MR. C on October 4, 1992. On or about that same date, the decedent disappeared from the MR. C and his body was found floating in the ocean several days later. The facts and circumstances of the decedent's disappearance and death are disputed.

On April 8, 1993, Appellee filed a wrongful death action in Los Angeles Superior Court naming as defendants Scuba Duba Dive, Robert Maxwell, the MR. C, and Thomas Rossin, the captain of the MR. C. Appellee has never served the MR. C in that action. Nevertheless, on July 11, 1993, Appellant was notified of potential liability against the MR. C. when he received a copy of Scuba Duba Dive's cross-complaint.

On August 24, 1993, Appellee filed for Chapter 11 bankruptcy. On November 24, 1993, Appellant filed a limitation action complaint pursuant to 46 App.U.S.C. § 183 *et seq.* in the United States District Court for the Central District of California.[1]

On December 23, 1993, as part of Appellant's limitation action, the district court entered an Order directing the issuance of a Monition and a Notice to all persons having claims for any losses occasioned by the October 4, 1992 voyage of the MR. C. The Monition and Notice admonished all persons with claims against the Appellant for any losses or damages occasioned by or resulting from the voyage of the M. C on October 4, 1992 to appear and file their respective claims against the Appellant with the Clerk of the Court on or before February 14, 1994.

Robert Maxwell filed a claim in Appellant's limitation action on February 8, 1994. Likewise, Scuba Duba Dive filed a claim in Appellant's limitation action on February 10, 1994. To date, Appellee has not filed a claim in Appellant's limitation action.

---

1. *In the Matter of the Complaint of Richard V. DeWitt for Exoneration from or a Limitation of* Liability, No. 93–7142 ABC (SHx).

On April 14, 1994, Appellant filed a motion with the bankruptcy court for relief from the automatic stay. Specifically, Appellant sought an order authorizing him to take the default of Appellee if necessary should she continue to fail to file a claim in Appellant's limitation action. On May 17, 1994, the bankruptcy court heard oral argument on Appellant's motion, and on June 17, 1994, the bankruptcy court entered its Order (hereinafter "Order of June 17, 1994"). In its Order, the bankruptcy court ordered that Appellant's limitation action complaint "was improperly filed in violation of Section 362 of the Bankruptcy Code and that that complaint is void as to the Debtor [Appellee] due to stay." (Order of June 17, 1994 at 2:15–19.)

On June 27, 1994, Appellant filed a Notice of Appeal of the bankruptcy court's Order of June 17, 1994.

## II. Standard of Review

■ This Court reviews a bankruptcy court's findings of fact by the clearly erroneous standard, while a bankruptcy court's conclusions of law are subject to *de novo* review. *In re Devers*, 759 F.2d 751, 753 (9th Cir. 1985). The only issue presented on this appeal is the bankruptcy court's conclusion of law.

## III. Discussion

The question presented on appeal is whether the bankruptcy court erred in finding that a vessel owner's filing of a limitation action under the Limitation of Shipowners' Liability Act (46 App.U.S.C. section 183 *et seq.*) violated section 362 of the Bankruptcy Code. As explained *infra*, this Court holds that the bankruptcy court erred in so finding.

Section 362 of the Bankruptcy Code provides for an automatic stay of certain proceedings against a debtor when the debtor has filed for bankruptcy. Section 362 states, in pertinent part, as follows:

(a) ... a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate[.]

11 U.S.C. § 362(a). Thus, the automatic stay applies only to those actions and proceedings that are "against the debtor" or that "exercise control over the property of the debtor's estate." At oral argument, the bankruptcy court indicated that it believed that Appellant's limitation action was an action "against the debtor" and one that sought "to exercise control of a property of the estate" because Appellant's action would limit the recovery that the debtor and estate could receive from the debtor's [Appellee's] wrongful death action. (Appellant's E.R. 196:10–16.) Thus, this Court must consider whether Appellant's limitation action was an action "against the debtor" or an action that sought "to exercise control over the property of the debtor's estate."

### A. Was Appellant's limitation action an action "against the debtor?"

■ Section 362(a)(1) applies only to actions against the debtor. *In re Transportation Systems International, Inc.*, 110 B.R. 888, 892 (D.Minn.1990). This limitation is consistent with the purposes of section 362(a), which are to "ensure that all claims against the debtor will be brought in a single forum," to protect the debtor "by allowing it breathing space" from its creditors, and to "protect creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others." *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir.1993) (citations omitted); *see also* S.Rep. No. 989, 95th Cong., 2d 54 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840; H.R.Rep. No. 595, 95th Cong., 1st Sess. 174, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6135.

Appellant's limitation action does not thwart these purposes. Appellant's limitation action does not seek to collect a debt from Appellee or foreclose on Appellee's assets. Appellant is not a creditor of Appellee. Indeed, Appellee is not even named as a defendant in Appellant's limitation action.

Appellant's limitation action is defensive rather than offensive in nature. *See Petition of A/S J. Ludwig Mowinckels Rederi,* 268 F.Supp. 682, 688 (S.D.N.Y.1967) (a limitation action is a defensive action, equitable in nature). Appellant's limitation action asks Appellee to bring a claim against Appellant. Where a debtor has the right to bring a claim in an action, courts have held that an automatic stay pursuant to section 362(a) does not apply. *See, e.g., Rett White Motor Sales Co. v. Wells Fargo Bank,* 99 B.R. 12 (N.D.Cal.1989) (automatic stay not applicable to bank's interpleader action in which debtor was one of the claimants to the fund); *Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.,* 50 B.R. 25 (S.D.N.Y.1985) (automatic stay not applicable to interpleader action in which debtor was entitled to share of fund). As Appellee has a right to bring a claim in Appellant's limitation action, the case law indicates that an automatic stay pursuant to section 362(a) does not apply to Appellant's limitation action.

Therefore, Appellant's limitation action was not an action "against the debtor", and did not violate section 362(a)(1) of the Bankruptcy Code.

**B. Was Appellant's limitation action an action that sought "to exercise control over the property of the debtor's estate?"**

■ The right to bring a cause of action can be the property of a debtor's estate. *In re MortgageAmerica Corp.,* 714 F.2d 1266 (5th Cir.1983) (right of action passed to bankruptcy trustee who was then charged with prosecuting action for benefit of all creditors). Appellant's limitation action would limit the amount of recovery in any action against the vessel due to the voyage of October 4, 1992. Therefore, in a sense, by filing his limitation action, Appellant has exercised

indirect control over Appellee's estate. The Court concludes, however, that section 362(a)(3) does not apply to such an indirect exercise of control.

■ As explained *supra,* the automatic stay provisions of section 362(a) should be construed no more expansively than is necessary to effectuate legislative purpose. *In re Chugach Forest Products, Inc.,* 23 F.3d 241, 245 (9th Cir.1994) (quoting *In re Continental Air Lines, Inc.,* 61 B.R. 758, 779 (S.D.Tex. 1986)). "Congress intended section 362(a)(3) 'to prevent dismemberment of the estate' and to enable an 'orderly' distribution of the debtor's assets." *Id.* at 245 (quoting H.R.Rep. No. 595, 95th Cong. 1st Sess. 341, 1978 U.S.C.C.A.N. 5787, 6298 (1977)). Appellant's limitation action does not threaten to dismember Appellee's bankruptcy estate or impede reorganization proceedings. Appellant's limitation action will not attach any part of Appellee's estate, or impede an orderly distribution of Appellee's assets. Therefore, interpreting section 362(a)(3) so as to preclude Appellant's limitation action would construe section 362(a)(3) more expansively than is necessary to effectuate legislative purpose. Accordingly, Appellant's limitation action is not an action that seeks "to exercise control over the property of the debtor's estate," and does not violate section 362(a)(3) of the Bankruptcy Code.

■ The reach of the automatic stay is limited by its purposes. *Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.,* 50 B.R. 25, 26 (S.D.N.Y.1985). Therefore, the Court concludes that Appellant's limitation action complaint was not improperly filed in violation of section 362 of the Bankruptcy Code.

**IV. Conclusion**

For all the reasons above, the Court REVERSES the June 17, 1994 Order of the Bankruptcy Court as to its conclusion that Appellant's limitation action complaint was improperly filed in violation of Section 362 of the Bankruptcy Code and that Appellant's complaint is void as to the Debtor [Appellee] due to stay. Furthermore, because the Court finds that Appellant's limitation action

complaint is not void as to the Debtor due to stay, the Court REVERSES the June 17, 1994 Order of the Bankruptcy Court to the extent that the Order requires Appellant to file a new limitation action complaint in District Court.

The Court DENIES as moot Appellee's motion for reconsideration of this Court's Order granting stay of Bankruptcy Court's Order pending appeal.

**SO ORDERED.**