Paul A. ROTZENBURG and Thomas J. Foth and all others similarly situated, Plaintiffs,

v.

The NEENAH JOINT SCHOOL DISTRICT OF WINNEBAGO COUNTY, NEENAH, WISCONSIN, et al., Defendants.

No. 73-C-699.

United States District Court, E. D. Wisconsin.

April 1, 1974.

Gordon P. Gill, Appleton, Wis., for plaintiffs.

Quarles & Brady by Robert L. Titley, Milwaukee, Wis., and Duane G. Philis, City Atty. of Neenah, Neenah, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss this action on the ground that the plaintiffs lack capacity to sue. It is urged that the plaintiffs, who are listed as seventeen years of age in the complaint, cannot pursue this action without a representative because the age of majority is eighteen in Wisconsin. Reliance is placed on Rule 17(c), Federal Rules of Civil Procedure. Alternatively, appointment of a guardian ad litem is requested.

Rule 17(c) provides, in part: "The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." In Jacobs v. The Board of School Commissioners, 490 F.2d 601 (7th Cir. decided December 14, 1973), the court stated that "neither the appointment of a guardian ad litem nor a protective order in lieu thereof is mandatory, and neither

is required if the court considers the matter and makes a judicial determination that the infant is protected without a guardian." 490 F.2d at 604. The defendants argue that the quoted statement was not a ruling but rather a statement of conceded argument. I disagree. The court not only made such a ruling but also offered citations in support of it and examined the facts of the *Jacobs* case in light of it.

■ In the instant case, a guardian is not required. As in *Jacobs*, monetary recovery is not sought, only constitutional issues are presented, and no showing of inadequate representation by counsel is made. There is no allegation that any party is currently prejudiced by the absence of a guardian ad litem. While there is arguable merit to the defendants' contention that unrepresented minors may be inadequate class representatives under Rule 23, or may pose a problem with respect to settlement, I perceive no such problems here. A motion for maintainability as a class has yet to be filed, and it does not appear that settlement is imminent. Should either event occur, without the plaintiffs reaching majority, the question of an appropriate protective order may be raised at that time.

Perhaps the defendants' motion to dismiss could also be denied as moot. The defendants' argument is admittedly made on the basis of the allegations of age contained in the complaint. A complaint, of course, does not suspend time. Unsworn materials in the case file, which cannot be taken as established facts, indicate that both plaintiffs reached majority even before the defendants filed their brief on the instant motion. In the absence of proof of their ages, however, I do not reach the mootness question.

Therefore, it is ordered that the defendants' motion to dismiss be and hereby is denied.