METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation, Plaintiff-Stakeholder,

v.

Hattie HARRIS in her Individual capacity and as guardian of the estates of Patricia Ann Harris and Johanna Harris, Patricia Ann Harris, minor daughter of Major R. Harris, Johanna Harris, minor daughter of Major R. Harris, Michelle Jones, minor daughter of Major R. Harris, Melissa Jones, minor daughter of Major R. Harris, and Lottie Jones, Defendants-Claimants.

No. 77–C–813.

United States District Court, E. D. Wisconsin.

Feb. 16, 1978.

Foley & Lardner by James O. Huber, David A. Baker, Milwaukee, Wis., for plaintiff-stakeholder.

Kluwin, Dunphy, Hankin & McNulty by John A. Kluwin, Milwaukee, Wis., for Harris.

Levine & Levine by Robert A. Levine, Milwaukee, Wis. for defendants-claimants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an interpleader action, brought by the plaintiff insurance company against the defendants, who claim the proceeds of a life insurance policy issued by the plaintiff to one Major R. Harris. The policy allegedly was issued in the amount of $6,000.00, with an additional benefit of $6,000.00 for death by accidental means. It is claimed that Major Harris died by drowning in September of 1976.

The plaintiff has filed two motions. It seeks preliminary and permanent injunctive relief enjoining the defendants from insti-tuting or prosecuting any state court or other federal court action concerning the life insurance policy which is the subject of this action. In addition, the plaintiff requests that it be discharged from liability and awarded its costs and a reasonable attorney's fee from the proceeds of the policy. The plaintiff has also filed a motion for the appointment of a guardian ad litem for the defendants Michelle Jones and Melissa Jones.

None of the defendants has responded to these motions within the time provided by local rule 6.01, although all of them have been served with the summons and com-plaint and the motions themselves. The defendants Hattie Harris individually and as guardian of the estates of Patricia Ann Harris and Johanna Harris, Patricia Ann Harris, and Johanna Harris have filed an answer and cross-complaint. No answers have been filed by the defendants Michelle Jones, Melissa Jones or Lottie Jones.

I find that the plaintiff's request for permanent injunctive relief and for a discharge should be granted but that its request for an award of costs and attorney's fee should be denied. It is unnecessary to grant a preliminary injunction since in this order I intend to grant permanent injunctive relief. In addition, I believe that a guardian ad litem should be appointed to represent Melissa and Michelle Jones.

## I. MOTION FOR INJUNCTIVE AND OTHER RELIEF

The plaintiff's request for injunctive relief and a discharge from further liability is based on 28 U.S.C. § 2361, which provides in part:

"In any civil action of interpleader or in the nature of interpleader under section 1335 of this title [28 USCS § 1335], a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

"Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

■ It is apparent that this action is one in the nature of interpleader meeting the requirements of 28 U.S.C. § 1335(a)(2). The present record reveals that the plaintiff has issued a policy of life insurance of a value in excess of $500.00 and that the plaintiff has paid the sum of $12,797.40, which is the balance due on the policy, plus interest, into the registry of this court. In addition, the defendants are claimants of diverse citizenship who have asserted conflicting entitlements to the proceeds of the policy. The Harris defendants are citizens of Missouri; one of them, Hattie Harris, filed an action in the circuit court for the city of St. Louis for the payment of the proceeds of the policy to her. The Jones defendants are alleged to be citizens of Wisconsin, and they filed a claim with the plaintiff for payment of the proceeds of the policy to them.

Having found that the provisions of § 1335(a)(2) are satisfied, I conclude that this court has subject matter jurisdiction over this action and that under 28 U.S.C. § 2361, a permanent injunction should issue prohibiting the defendants from instituting or prosecuting any state or federal court action, other than the instant action, affecting the proceeds of the insurance policy which is the subject of this action. I also find that the plaintiff should be discharged from further liability for the insurance policy issued to Major R. Harris.

Although the defendants have interposed no objection to the plaintiff's request for an award of costs and a reasonable attorney's fee in its favor, I conclude, for the reasons stated in my decision and order in *The Mutual Life Insurance Company of New York v. Haskett,* civil action 77–C–687 (E.D. Wis., December 27, 1977), that such an award should not be made in this case.

## II. MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

■ The plaintiff seeks appointment of a guardian ad litem to represent the defendants Michelle and Melissa Jones. Rule 17(c), Federal Rules of Civil Procedure, directs that the court "appoint a guardian ad litem for an infant . . . not otherwise represented in an action or . . . make such other order as it deems proper for the protection of the infant . . . ."

The complaint alleges that Michelle and Melissa Jones are minors. This allegation is supported by a copy of the claim for the insurance proceeds submitted to the plaintiff by the Jones defendants. The claim indicates that in September, 1977, Michelle and Melissa Jones were, respectively, 10 and 9 years of age.

I believe that appointment of a guardian ad litem for Michelle and Melissa Jones is advisable. Neither is represented by counsel in this action, wherein a substantial monetary award is sought, presumably by all claimants to the policy. See *Jacobs v. Board of School Commissioners,* 490 F.2d 601, 604 (7th Cir. 1973), vacated as moot, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Rotzenberg v. Neenah Joint School District,* 62 F.R.D. 340, 341 (E.D.Wis.1974). I will appoint attorney Robert Levine, 312 East Wisconsin Avenue, Milwaukee, Wisconsin, as such guardian ad litem.

Therefore, IT IS ORDERED that the plaintiff's motion for a permanent injunction be and hereby is granted. All of the defendants are permanently enjoined from instituting or prosecuting any state or federal court action, other than the instant action, affecting the proceeds of the life insurance policy issued by the plaintiff to Major R. Harris, which is involved in this suit.

IT IS ALSO ORDERED that the plaintiff be and hereby is discharged from further liability as to the life insurance policy it issued to Major R. Harris.

IT IS FURTHER ORDERED that the plaintiff's request for an award of costs and a reasonable attorney's fee be and hereby is denied.

IT IS FURTHER ORDERED that attorney Robert Levine be and hereby is ap-

pointed as guardian ad litem to represent the minor defendants Michelle Jones and Melissa Jones.

IT IS FURTHER ORDERED that the defendants be and hereby are required to pursue their claims to the fund in the registry of the clerk for this district in this action.