**PRICE & PIERCE INTERNATIONAL INC., Plaintiff,**

v.

**SPICERS INTERNATIONAL PAPER SALES, INC. and Papeteries De Belgique, Defendants.**

**No. 84 Civ. 3728 (JFK).**

United States District Court,
S.D. New York.

May 20, 1985.

Whitman & Ransom by Allen A. Hans, New York City, for plaintiff.

White & Case by Alice R. Belair, New York City, for defendant Papeteries De Belgique.

Joel Z. Robinson, New York City, for defendant Spicers Intern. Paper Sales, Inc.

MEMORANDUM OPINION

KEENAN, District Judge:

This interpleader action was commenced by Price & Pierce International, Inc. ("Price & Pierce") against Spicers International Paper Sales, Inc. ("SIPSI") and Papeteries De Belgique ("Papeteries"), pursuant to 28 U.S.C. §§ 1332 and 1335 and Rule 22 of the Federal Rules of Civil Procedure. On June 6, 1984, this Court issued an *Ex Parte* Order granting plaintiff-Price & Pierce's application to deposit the Interpleader Fund of $884,047.49 ("Fund") with the Clerk of the Court. Both SIPSI and Papeteries claim entitlement to the Fund.

Price & Pierce has moved for an order of discharge and Papeteries has moved for

summary judgment; submission of those motions was completed on March 15, 1985. One week later, on March 22, SIPSI filed a petition in bankruptcy. SIPSI maintains that the instant action is subject to the automatic stay provision of 11 U.S.C. § 362. Price & Pierce and Papeteries disagree.

Section 362 of the Bankruptcy Code is designed "to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured and unsecured ... thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982) (citation omitted) (quoting *In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y.1981)). Although the scope of the automatic stay "is undeniably broad," *In re Bialac*, 712 F.2d 426, 431 (9th Cir.1983), it does not operate to stay all actions involving the bankrupt. The reach of the automatic stay is limited by its purposes.

The automatic stay provision normally applies to actions in which the bankrupt is a defendant. Although SIPSI is a named defendant, its status in that regard is nominal. In making claim to the Fund, SIPSI takes the role of plaintiff in this action. Thus, this is not an action to obtain possession of property held by SIPSI, as required for the invocation of § 362; rather, it is an action to determine whether the Fund, or some part thereof, rightfully belongs to Papeteries or SIPSI. In order to determine whether the stay applies, therefore, the Court must first determine whether the bankrupt is in fact the owner of the Fund. *See Amoco Pipeline Co. v. Admiral Crude Oil Corp.*, 490 F.2d 114, 116 (9th Cir.1974); *Shell Pipeline Corp. v. West Texas Marketing Corp.*, 540 F.Supp. 1155, 1161 (S.D.Tex.1982).

This is admittedly not an action, indisputably outside § 362, in which the bankrupt is proceeding against monies held by another party. The monies sought are with the Clerk of the Court. Nonetheless, the right to pursue an interpleader action is not affected by the fact that one of the claimants has filed a petition in bankruptcy. *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1305 (8th Cir.1977); *Shell Pipeline*, 540 F.Supp. at 1161; *but see NLT Computer Services Corp. v. Capital Computer Systems, Inc.*, 755 F.2d 1253 (6th Cir.1984). Any broader reading of § 362 would not serve the purposes of the section and would unduly handicap the efforts of Price & Pierce and Papeteries to resolve this dispute.*

Accordingly, SIPSI's application to stay this action pursuant to § 362 of the Bankruptcy Code is denied. The next pre-trial conference, should one be necessary, will be set in the Court's decision on the *sub judice* motions for discharge and summary judgment.

SO ORDERED.

---

* *Cf. In re Edgins*, 36 B.R. 480, 484 (Bkrtcy.App. 9th Cir.1984) ("The shield of 11 U.S.C. Section 362, which is procedural and vests no intrinsic interest in property to the estate, should not be used as a sword to divest other parties of legitimate interests in property particularly where the debtor has the knowledge and means to bring whatever claim he may have for use of the funds on for prompt hearing.").