RETT WHITE MOTOR SALES CO., dba Don Young Ford, a California corporation, and Donald K. Young, Plaintiff,

v.

WELLS FARGO BANK, et al., Defendants.

No. C–88–2375 RFP.

United States District Court, N.D. California.

Jan. 24, 1989.

Mark J. Feuer, Law Offices of Mark J. Feuer, Canoga Park, Cal., for plaintiff.

Michael Howard, Asst. U.S. Atty., David Grappo, San Francisco, Cal., for defendants.

ORDER

PECKHAM, District Judge.

I

INTRODUCTION

The parties are before this court for the purpose of determining whether the Chapter 11 bankruptcy petition of plaintiff, Rett White Motor Sales Co., dba Don Young Ford ("Ford"), filed on September 29, 1988, serves to stay this action pursuant to 11 U.S.C. § 362(a), the automatic stay provision of the Bankruptcy Code. As requested by the court, Ford and Wells Fargo Bank have filed informal briefs in order to address this issue.

## II

## DECISION

The automatic stay provisions of the Bankruptcy Code do not serve to stay the proceedings before this court.

## III

## BACKGROUND

On the morning of May 10, 1988, defendant Wells Fargo Bank was served with an Internal Revenue Service ("IRS") levy on all bank accounts of plaintiff Ford. At that time, plaintiff had approximately $17,000 in its accounts. On the afternoon of May 10th, plaintiff deposited checks totalling over $156,000 with Wells Fargo Bank. The Bank refused to cash plaintiff's checks and placed a hold on all funds of the plaintiff. The IRS then served the Bank with a second levy of funds on May 13th.

The plaintiff originally filed a complaint in Superior Court. The action was then removed to federal court when the United States intervened as a party. Plaintiff alleged in its complaint that defendant wrongfully and tortiously retained its funds. Plaintiff's theory is that the original IRS levy only applied to the funds in the account at that moment in time, approximately $17,000. The defendant had no right to withhold any funds from the plaintiff over that amount. Because of defendant's tortious behavior, the IRS was able to file a second levy attaching the $156,000 deposit.

Defendant Bank raises two pertinent defenses in its Answer: its actions were protected by the immunity provided in 26 U.S.C. § 6332; and Wells Fargo was entitled to freeze the funds in order to "offset" a debt owed to it by plaintiff.

Plaintiff also filed an action to enjoin the IRS from collecting the funds held by Wells Fargo. The IRS was granted summary judgment and now claims entitlement to the funds. Additionally, Ford and plaintiff Young have filed another suit in Superior Court, claiming a right to the funds.

In response to this dispute over entitlement to the funds, defendant has filed a counterclaim for interpleader and declaratory relief. In this interpleader action, Wells Fargo makes no claim itself to the funds, but only desires that its rights and liabilities to the claimants be determined in order that it may "avoid conflicting determinations in a multiplicity of lawsuits." Additionally, Wells Fargo requests that it be discharged from all liability concerning its conduct with regard to the res, and that this court determine the extent of Wells Fargo's immunity under 26 U.S.C. § 6332.

Subsequent to the filing of defendant's counterclaim, plaintiff Ford, on September 29, 1988, filed a voluntary petition in bankruptcy under Chapter 11. As a result of this petition, plaintiff claims that all proceedings before this court are subject to the automatic stay provisions of the Bankruptcy Code. Defendant, of course, disagrees.

## IV

## DISCUSSION

There are two main issues in dispute:

(1) Does the automatic stay apply to defendant's counterclaim for either:

    (a) interpleader relief; or

    (b) declaratory relief?

(2) Does the automatic stay apply to actions initiated by the debtor?

Before reaching these two disputed issues, it is appropriate to comment generally about the purpose of the automatic stay provisions.

◼ The primary purpose of an automatic stay subsequent to the filing of a bankruptcy petition is:

to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors secured and unsecured ... thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.

*Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.,* 50 B.R. 25 (S.D.N.Y.1985) citing *In Re Holtkamp,* 669 F.2d 505, 508 (7th Cir.1982).

Although the scope of the automatic stay is undeniably broad, it does not serve to stay all actions involving the bankrupt party. Rather, the reach of the automatic stay is limited by its purposes. *Price & Pierce*, 50 B.R. at 26.

With these general principles in mind, what follows is a discussion of the two issues as framed by the parties in this action.

### 1. *Defendant's Counterclaim*
#### a. Interpleader Relief

■ There are two subsections of the automatic stay provision which might conceivably apply to defendant's interpleader claim, 11 U.S.C. § 362(a)(1) and (a)(3). Section 362(a)(1) operates as a stay of:

> the commencement or continuation ... of a judicial administrative or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this Title or to recover a claim against the debtor that arose before the commencement of this case under this title. (emphasis added)

Defendant's interpleader action is not an action against the debtor. Wells Fargo is not suing the bankrupt plaintiff for damages or seeking a claim to the funds. Rather, the bankrupt party is one of the claimants to the res. Section 362(a)(1) clearly does not act as a bar to the continuation of defendant's interpleader claim.

> Section 362(a)(3) operates as a stay of:
> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

In order for Section 362(a)(3) to mandate a stay in this action, Wells Fargo must be trying to obtain possession of property of the debtor or must be trying to exercise control over the property of the estate. This is simply not the case.

Although a counterclaim may be subject to an automatic stay in bankruptcy, *Emerson v. A.E. Hotels*, 403 A.2d 1192, 1195 (1979), an interpleader is not necessarily subject to the stay. *Shell Pipe Line v. West Texas Marketing Corp.*, 540 F.Supp. 1155, 1161 (S.D.Tex.1982).

In *Shell*, the plaintiff, Shell, filed an interpleader complaint seeking a judicial determination of title to 155,000 barrels of crude oil. Shell had received conflicting claims from several defendants, one of whom had filed a bankruptcy petition.

The district court in *Shell* held that Section 362(a)(3) applied by its terms only to acts to obtain possession of property of the debtor's estate.[1] The plaintiff was not trying to obtain property from the debtor's estate. Rather, the interpleader action's purpose was to determine whether the fund was *in fact* the property of the estate:

> If a party is in the actual possession of money or property the ownership of which is disputed, his right to interplead the funds is not affected by the fact that one of the claimants is a trustee in bankruptcy who contends that the funds belong to the estate he is administering.

*Shell Pipe Line v. West Texas Marketing Corp.*, 540 F.Supp. 1155, 1161 (D.C.Tex. 1982), citing *Dakota Livestock Company v. Keim*, 552 F.2d 1302, 1305 (8th Cir.1977).

In our case, like in *Shell*, the bankrupt party is one of the claimants to the res. The interpleader action will determine whether the funds are actually part of the bankrupt's estate or whether they in fact belong to the I.R.S. or some other claimant. *See also National Co–Op. Refinery Ass'n v. Rouse*, 60 B.R. 857 (D.C.Colo.1986) (Because the purpose of this interpleader is to determine title to the res, the res is not at this point, the property of any debtor within the meaning of the automatic stay provisions of Section 362(a).)

In summary, defendant's interpleader action should not be stayed. Defendant is trying neither to possess debtor's estate

---

**1.** *Shell* was actually decided prior to the addition of the last sentence in Section 362(a)(3): "or to exercise control over property of the estate." However, the same analysis would apply. In this interpleader action, Wells Fargo is trying neither to retain possession of the debtor's property nor to exercise control over the debtor's property.

nor exercise control over the debtor's estate.

### b. Declaratory Relief

■ Defendant asks this court for a determination of its immunity under 26 U.S.C. § 6332 of the Internal Revenue Code, which regulates surrender of property under IRS levy. Defendant also seeks to be discharged from liability for prior conduct with regard to the res.

The same reasoning applied to the interpleader action is applicable here. Defendant is not claiming a portion of the debtor's estate. Conceivably, one might argue that a discharge of Wells Fargo's liability would dissolve an asset of the debtor's estate, namely the cause of action against Wells Fargo. However, a discharge would not create a right to the funds in Wells Fargo. The debtor can still litigate with the other claimants over the interpled fund.

■ Furthermore, a determination of Wells Fargo's liability in an action initiated by the debtor should not violate the automatic stay. As shown below, the stay provisions are not designed to stay actions which have been commenced by the bankrupt party.

### 2. *Plaintiff's original cause of action*

"The automatic stay provision normally applies to actions in which the bankrupt is a defendant." *Price & Pierce*, 50 B.R. at 26. As discussed above, the provision is designed to create order among creditors who are racing to claim portions of the debtor's estate.

In *Price & Pierce*, an interpleader action, the district court stated that a claimant to the res is only a nominal defendant. In reality, he is more like a plaintiff. Thus, the court concluded, if one is a plaintiff and a bankrupt party, one is not engaged in an action to possess the debtor's property, a necessary element for the invocation of a stay.

Ford is both a plaintiff and a bankrupt party. Its action against defendant is not a claim against the debtor. There is simply no language in Section 362(a) designed to stay actions initiated by the debtor. Rath-

er, there is language which specifies that actions against the debtor are those which should be halted. 11 U.S.C. § 362(a)(1).

Plaintiff argues that its action is really a "set-off" of defendant's tortious conduct in withholding the funds, and as such should be stayed. Not only is this an incorrect use of the term "set off", but plaintiff cites a string of cases in support of this proposition which are totally inapposite to our set of facts. In all these cases, the debtor first files a petition in bankruptcy. This triggers the automatic stay provisions. Subsequent to the petition, either a bank or the IRS "freezes" funds which are owing to the debtor as a "set off" against monies which the debtor owes the bank or IRS. This type of set-off action is specifically forbidden by Section 362(a)(7) which operates as a stay of:

> the set off of any debt owing to the debtor that arose before the commencement of the case under this title, against any claim against the debtor.

To the extent that there is any "set off" at all in this action, it occurred prior to the filing of the bankruptcy petition when Wells Fargo froze plaintiff's funds. Plaintiff does not now seek to stay this act of defendant, but rather seeks to stay an action initiated by it against Wells Fargo for allegedly tortiously conduct.

In summary, plaintiff's original cause of action is not stayed as a result of his filing of a voluntary petition in bankruptcy. Plaintiff cites no authority for the proposition that actions initiated by a debtor are subject to the automatic stay.

### V

### CONCLUSION

For the reasons stated above, plaintiff's request that his original cause of action and defendant's counterclaim be stayed pursuant to the automatic stay provisions of the Bankruptcy Code is hereby denied.

IT IS SO ORDERED.