Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FRANCISCO JOSÉ PEREYO DÍAZ<br><br>Apelante<br><br>v.<br><br>ALEXANDRA MARESA ÁLVAREZ FERNÓS<br><br>Apelada | KLAN202301104 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2019CV12915 (504)<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Marrero Guerrero[1].

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de marzo de 2024.

El Tribunal de Primera Instancia ("TPI"), por la vía sumaria, ordenó la distribución de unos fondos consignados, producto de la venta de un inmueble, a razón de un 50% para cada una de las partes, ello con el fin de liquidar una comunidad de bienes. Según se explica en detalle a continuación, procede la confirmación de lo actuado por el TPI, pues (i), en este contexto, no aplica la paralización automática (*automatic stay*) que se activa a raíz de la presentación de una petición de quiebra y (ii), en los méritos, las alegaciones del demandante habían sido válidamente eliminadas como sanción por incumplimiento con órdenes del TPI relacionadas con el descubrimiento de prueba.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202200616 y KLCE202300764).

I.

En diciembre de 2019, el Sr. Francisco J. Pereyó Díaz (el "Apelante" o "Demandante") presentó la acción de referencia (la "Demanda") en contra de la Sa. Alexandra Maresa Álvarez Fernós (la "Demandada"). Solicitó la división de una comunidad entre las partes sobre un inmueble en el Condominio Laguna Tower de San Juan, Puerto Rico (la "Propiedad"). El Demandante alegó que, a partir del 2002, se encargó de todos los gastos de la Propiedad y que la Demandada había acordado reembolsarle el 50% de dichos gastos una vez la Propiedad se vendiera.

La Demandada contestó la Demanda; negó haber acordado reembolsar la mitad de los gastos relacionados con la Propiedad. Añadió que la Propiedad generó ingresos y ganancias, por concepto de rentas, durante el período en controversia.

Luego de varios trámites, el 13 de abril de 2023, el TPI emitió una *Resolución* mediante la cual **eliminó las alegaciones del Demandante** en torno a los presuntos gastos que reclamó como créditos. Además, le prohibió al Demandante presentar "cualquier evidencia relacionada con los créditos que invoca y aduce tener contra los activos de la comunidad, depositados en el Tribunal".[2] El TPI impuso dicha sanción por el reiterado incumplimiento del Demandante con las órdenes del tribunal en torno al descubrimiento de prueba.

Inconforme, el 10 de julio, el Demandante nos solicitó la revisión de la referida decisión (KLCE202300764). Mediante una *Resolución* de 11 de agosto, denegamos la expedición del auto solicitado.

Mientras tanto, el 29 de junio de 2023, la Demandada instó una Petición de Quiebra (la "Petición") ante la Corte de Quiebras de

---

[2] Véase, *Resolución*, Apéndice 4 del recurso, pág. 16.

los Estados Unidos para el Distrito de Puerto Rico ("Corte de Quiebras"). En consecuencia, el 11 de agosto, el Síndico del Capítulo 7 de Quiebras (el "Síndico") presentó ante el TPI una *Moción Solicitando Sustitución de Parte e Intervención.* El 18 de septiembre, el TPI emitió una *Orden* mediante la cual autorizó la sustitución de la Demandada y la intervención del Síndico.

Mediante una Sentencia notificada el 20 de octubre (la "Sentencia"), el TPI ordenó la división de los haberes de la comunidad, consignados en el TPI. Enfatizó que, desde el 13 de abril, había ordenado la eliminación de las alegaciones del Demandante y prohibido la presentación de cualquier evidencia relacionada con los créditos que este adujo tener contra los activos de la comunidad. Lo anterior, debido al reiterado incumplimiento del Apelante con las órdenes de descubrimiento de prueba, a pesar de las advertencias y sanciones económicas previas. Además, el TPI resaltó que el Demandante no había contestado una *Segunda Moción al Amparo de la Regla 34 de las Reglas de Procedimiento Civil, Solicitud de Remedios y Para que se Dice Sentencia Final* presentada por la Demandada.

Ante la ausencia de controversias en torno a la naturaleza comunal de la Propiedad, el TPI concluyó que cada uno de los comuneros poseían una participación de partes iguales (50%) sobre la misma y, por ende, sobre los fondos consignados. Además, concluyó que, al incumplir reiteradamente las órdenes judiciales emitidas, el Demandante fue temerario e incurrió en conducta contumaz, terca o rebelde. Así pues, ordenó la distribución de los fondos consignados, a razón del 50% a cada una de las partes. Además, le impuso al Demandante el pago de $5,000.00 por concepto de honorarios de abogado por temeridad.

Inconforme, el 6 de noviembre (lunes), el Demandante solicitó la reconsideración de la Sentencia. Arguyó que el caso quedó

automáticamente paralizado a raíz de la presentación de la Petición. Mediante una Resolución notificada el 8 de noviembre, el TPI denegó la reconsideración solicitada.

El 8 de diciembre, el Demandante presentó la apelación que nos ocupa; formuló los siguientes cuatro (4) señalamientos de error:

> Primer Señalamiento de Error: Erró el Tribunal de Primera Instancia al dictar sentencia sin jurisdicción puesto el 29 de junio de 2023, una de las partes radicó voluntariamente una petición de quiebra al amparo del Capítulo 7 de la Ley de Quiebras por lo que, desde entonces, los procedimientos ante Tribunal de Primera Instancia quedaron automáticamente paralizados en virtud del Capítulo 7 del Código de Quiebras Federal (11 USC Se. 362).

> Segundo Señalamiento de Error: Erró el Tribunal de Primera Instancia al dictar sentencia sumaria, cuando no se cumplió con los requisitos para resolver sumariamente, ni se había presentado una Moción de Sentencia Sumaria para su consideración.

> Tercer Señalamiento de Error: Erró el Tribunal de Primera Instancia al resolver en sus méritos un caso, sin celebrar una vista para atender las controversias entre las partes privándole así de su día en corte a la Parte Recurrente.

> Cuarto Señalamiento de Error: Erró el Tribunal de Primera Instancia al privar a la Parte Apelante del derecho a presentar prueba sobre los créditos.

A mediados de enero, el Síndico presentó un *Alegato en Oposición a la Apelación*; arguyó que el caso no había quedado paralizado. Ello porque el caso, al ser análogo a uno de *interpleader*, no va dirigido en contra de la Demandada para fines del análisis correspondiente bajo la normativa federal sobre la paralización automática. Resolvemos[3].

## II.

Los procedimientos de quiebras son reglamentados por ley federal. *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 490 (2010). El Código de Quiebras, 11 USCA sec. 101 *et seq.*, rige los

---

[3] El Demandante solicitó replicar al alegato del Síndico; hemos determinado denegar dicha solicitud.

procedimientos ante las Cortes de Quiebras federales, tribunales creados exclusivamente para estos fines. *Íd.*

El Código de Quiebras, *supra*, ofrece ciertas protecciones a las personas que se acogen al procedimiento de quiebra. Una de las protecciones más significativas es la paralización automática (*automatic stay*) "del comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto **contra el deudor**, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra". *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 387 (2020). (Citas omitidas) (énfasis en el original). La paralización automática también protege al deudor de aquellas acciones judiciales o administrativas iniciadas contra este, que procuren la ejecución de una sentencia obtenida o la recuperación de reclamaciones hechas con anterioridad a la petición de quiebra, respectivamente. 11 USC sec. 362(a)(1); *Allied Management*, 204 DPR a la pág. 388.

Con la paralización automática se pretende proveer un respiro al deudor y, además, proteger a los acreedores ante la posibilidad de que los activos del deudor desaparezcan de forma desorganizada ante acciones individuales contra este. Véase, Collier on Bankruptcy, Lawrence P. King ed. (1996), 15th ed., Vol. 3, sec. 362.03, a las págs. 362-13 y 14.1.

Por esta razón, la paralización surte efecto automáticamente con la presentación de la petición de quiebra. No se requiere una notificación formal para ello. Además, la paralización surte efecto hasta tanto la Corte de Quiebras dicte sentencia y disponga del caso, u otorgue alivio en cuanto a ciertos acreedores. 11 USC secs. 362(c)(2) y 362(d)-(f). Véase, *In re Jamo*, 283 F.3d 392, 398 (1er Cir. 2002). Por consiguiente, la paralización, "provoca también que los tribunales estatales queden privados de jurisdicción automáticamente, e, incluso, es tan abarcadora que paraliza litigios

que tienen poco o nada que ver con la situación financiera del deudor". *Marrero Rosado*, 178 DPR a la pág. 491, citando a 3 *Collier on Bankruptcy*, Sec. 362.03[3].

III.

Las Reglas de Procedimiento Civil se interpretan de modo que faciliten el acceso a los tribunales y que garanticen una solución justa, rápida y económica de todo procedimiento. 32 LPRA Ap. V, R. 1; *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714 (2009); *Reyes v. Cantera Ramos, Inc.*, 139 DPR 925 (1996). Asimismo, las partes tienen el deber de ser diligentes y proactivas al promover sus causas. Este principio rige desde que se inicia el caso hasta la etapa de ejecución de la sentencia.

El TPI tiene la autoridad inherente de velar por el cumplimiento de sus órdenes, y así puede, por ejemplo, imponer sanciones económicas a las partes y abogados que incumplan con las mismas. Véanse Reglas 37.7 y 44.2 de Procedimiento Civil, 32 LPRA Ap. V; *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1026-28 (2011); *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

En efecto, la Regla 44.2, *supra*, autoriza al TPI a imponer "sanciones económicas" en "cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". Asimismo, la Regla 37.7, *supra*, autoriza al tribunal a imponer "la sanción económica que corresponda" a aquella "parte o su abogado" que "incumpl[a] cualquier orden del tribunal para el manejo del caso sin que medie justa causa".

Entre la diversidad de posibles sanciones, se encuentra también la eliminación de las alegaciones, contemplada por la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2. Esta Regla

permite la desestimación de pleitos o la eliminación de las alegaciones a iniciativa del TPI, o a solicitud de la parte demandada, en casos en que, por ejemplo, se incumpla con el trámite reglamentario aplicable o con cualquier orden del Tribunal, o cuando se deja de proseguir el caso. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005); R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 5ta. Ed., San Juan, Michie de Puerto Rico, 2010, sec. 3901, págs. 266-67 y 369.

Claro está, la eliminación de las alegaciones, como medio de sanción, debe ser el último recurso por utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia. *Íd. Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). El poder discrecional de eliminar las alegaciones se debe ejercer juiciosa y apropiadamente, y esta sanción solo procede cuando no haya duda de la irresponsabilidad y contumacia de la parte contra quien se toman las medidas drásticas. *Acevedo v. Compañía Telefónica de P.R.*, 102 DPR 787, 791 (1974); *Mejías, et al. v. Carrasquillo, et al.*, 185 DPR 288, 298 (2012); *Díaz v. Tribunal Superior*, 93 DPR 79, 83 (1966).

Ahora bien, cuando el tribunal cumple con el trámite dispuesto en la Regla 39.2(a) y, conforme a las circunstancias particulares del caso, se demuestra fehacientemente el incumplimiento de una parte con el trámite reglamentario aplicable o con cualquier orden del Tribunal, los foros apelativos debemos deferencia al dictamen del TPI. *Mejías, et al.*, *supra*; *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 814-815 (1986). Lo anterior, pues, de "ordinario [,] no intervendremos con el ejercicio de discreción de los tribunales de [primera] instancia al imponer sanciones por incumplimiento a sus órdenes". *Lluch v. España Service Sta.*, 117 DPR 729, 749-750 (1986).

Así también, es norma conocida que los tribunales apelativos no intervienen con el manejo de los casos ante el TPI "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *ELA v. Asoc. De Auditores*, 147 DPR 669 (1999); *Meléndez v. Caribbean Intl. News*, 151 DPR 649 (2000). Ello, pues el TPI tiene amplia discreción en el manejo del calendario y, en ausencia de circunstancias extraordinarias, no debemos intervenir con el ejercicio de dicha discreción. *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999); *García v. Asociación*, 165 DPR 311, 322 (2005).

IV.

"[T]anto los tribunales federales como los estatales tenemos la facultad inicial de interpretar la paralización y su aplicabilidad a los casos ante nos". *Lab. Clínico v. Depto. Salud*, 198 DPR 790, 791-792 (2017) (citando *In Mid-City Parking, Inc.*, 332 B.R. 798, 803 (N.D. Ill. 2005)); *Lacourt Martínez v. JLBP*, 198 DPR 786, 788 (2017). Por consiguiente, el TPI tenía la potestad de determinar si el caso quedó afectado por la paralización automática que se activó con la presentación de la Petición.

Aclarado lo anterior, concluimos que, según determinado por el TPI, el caso no quedó paralizado como consecuencia de la presentación de la Petición. Ello porque el caso de referencia no es "contra" la Demandada, en el contexto del significado de dicho término bajo la ley federal. Adviértase que el caso gira en torno a cómo se dividirán unos fondos consignados en el tribunal y sobre los cuales la Demandada tiene interés, pero los cuales no controla ni forman actualmente parte de su caudal. Por tanto, no cabe

hablar de que el caso coloque en peligro el caudal de la Demandada; al revés, el caso va dirigido a precisar a cuánto asciende la participación de la Demandada en los fondos consignados y, determinado ello, a aumentar el caudal de la Demandada mediante la correspondiente distribución.

Como bien señaló el Síndico, una acción de *interpleader* ordinariamente no es una acción "en contra del deudor", pues "se trata de que el deudor es otro reclamante más al bien en disputa y … no es un acto para obtener la posesión de propiedad del caudal o controlarlo, sino que se busca saber mediante la misma si ese bien es en realidad propiedad del caudal." Véase *Rett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12 (N.D. Cal. 1989).

Por otra parte, y contrario a lo planteado por el Demandante, el TPI no cometió error de derecho, ni abusó de su discreción, al eliminar las alegaciones del Demandante en abril de 2023. Como indicamos cuando declinamos intervenir con dicha determinación del TPI (KLCE202300764), la orden incumplida por el Demandante se emitió en diciembre de 2022, y el TPI denegó la reconsideración del Demandante al respecto en enero. No obstante, ante el incumplimiento del Demandante, la Demandada tuvo que presentar dos mociones, como resultado de lo cual, el TPI, en abril, eliminó las alegaciones del Demandante.

Además, antes de eliminarle las alegaciones, el TPI le había advertido al Demandante sobre las consecuencias de persistir en incumplir con sus órdenes de producción de la prueba requerida por la Demandada. Por ejemplo, en la vista del 7 de marzo de 2023, el TPI le advirtió al Demandante que las objeciones relacionadas con el descubrimiento en controversia habían sido atendidas y adjudicadas de manera final y firme. Véase, *Resolución* notificada el 24 de enero de 2023. No obstante, el Demandante persistió en no cumplir con las órdenes del TPI.

En fin, el TPI estaba facultado para sancionar al Demandante por no cumplir oportunamente con sus órdenes. Regla 34.3(b)(3) de las de Procedimiento Civil. Tampoco podemos concluir que haya abusado de su discreción el TPI al sancionar al Demandante, pues ello obedeció al reiterado incumplimiento del Demandante con las órdenes del TPI. *Lluch,* 117 DPR a las págs. 749-750 ("[d]e ordinario[,] no intervendremos con el ejercicio de discreción de los tribunales de [primera] instancia al imponer sanciones por incumplimiento a sus órdenes"). Asimismo, el TPI le advirtió al Demandante de antemano y le impuso sanciones menos drásticas.

En cualquier caso, el Demandante no ha justificado su incumplimiento reiterado con las órdenes del tribunal. La determinación de si cierta información bancaria o contributiva solicitada por la Demandada era pertinente, confidencial o afectaría a terceros, es decir, si procedía se descubriese o no, le correspondía al TPI, quien adjudicó esta controversia conforme a derecho y razonablemente. Por consiguiente, el Demandante tenía que cumplir con el descubrimiento ordenado. El TPI le concedió oportunidades razonables para enmendar su curso de acción. Al no hacerlo, la sanción impuesta es resultado directo de su incumplimiento. Así pues, no procede nuestra intervención con la discreción ejercida por el TPI, pues no se demostró que esta fuese irrazonable, o contraria a derecho.[4]

Por otro lado, y contrario a lo que asevera el Demandante, la Demandada sí solicitó la resolución sumaria del caso. En la *Segunda Moción al Amparo de la Regla 34 de las Reglas de*

---

[4] Resulta patentemente inmeritoria la alegación del Demandante de que existen controversias de hechos en virtud de un requerimiento de admisiones cursado a la Demandada, el cual el TPI dio por admitido el 24 de agosto de 2020. Ello porque, en nuestra Sentencia de 30 de junio de 2022 (KLCE202200616), determinamos que dicho requerimiento fue notificado incorrectamente. Asimismo, el TPI luego ordenó a las partes notificar nuevamente el descubrimiento de prueba. Sin embargo, el Demandante no renotificó el requerimiento de admisiones. De todas maneras, el TPI, no solo ordenó la eliminación de las alegaciones del Demandante, sino que también le prohibió presentar cualquier prueba relacionada con estas. Véase, Apéndice 4 del recurso, pág. 16.

*Procedimiento Civil, Solicitud de Remedios y Para que se Dice Sentencia Final,* presentada el 6 de marzo de 2023, la Apelada solicitó taxativamente al TPI que emitiera una sentencia final a los fines de, entre otros, ordenar "la distribución por partes iguales de los dineros consignados en el tribunal, con la imposición de gastos, costas y una suma razonable de honorarios de abogado".[5] A pesar de que el TPI le ordenó al Demandante consignar su postura en torno a esta *Segunda Moción,* este no lo hizo.

Aunque la Apelante no observó los requisitos de forma que establece la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36, el único efecto que esto tiene es que "el tribunal no estará obligado a considerar su pedido". *Melendez González v. M. Cuebas,* 193 DPR 100, 109 (2015). Ello no impedía, sin embargo, que el TPI, si lo consideraba procedente, dictara sentencia sumariamente. El criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018).

En este caso, a raíz de la eliminación de las alegaciones y la evidencia que pudiese haber presentado el Demandante, desaparecieron las controversias de hechos. Ello le permitía al TPI adjudicar sumariamente, como lo hizo, la solicitud de división de la comunidad de bienes, de conformidad con la presunción de igualdad en la proporción de las cuotas sobre los bienes que establece el Artículo 327 del Código Civil de 1930, 31 LPRA sec. 1272.[6]

---

[5] Véase, *Segunda Moción al Amparo de la Regla 34 de las Reglas de Procedimiento Civil, Solicitud de Remedios y Para que se Dice Sentencia Final presentada por la Apelada,* Apéndice 31 del recurso, pág. 592.

[6] Hacemos referencia al derogado Código Civil de 1930 por estar vigente al momento de los hechos que generaron la controversia de autos.

## V.

Por los fundamentos que anteceden se confirma la *Sentencia* apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones